43. Further, the undisclosed adverse information concealed by defendants during the Class Period is the type of information that, because of SEC regulations, regulations of the national stock exchanges and customary business practice, is expected by investors and securities analysts to be disclosed and is known by corporate officials and their legal and financial advisors to be the type of information expected to be and must be disclosed.

### APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE

44. At all relevant times, the market for Sonus common stock was an efficient market for the following reasons, among others:

    a. Sonus common stock met the requirements for listing, and was listed and actively traded, on the Nasdaq, a highly efficient market;

    b. As a regulated issuer, Sonus filed periodic public reports with the SEC;

    c. Sonus stock was followed by securities analysts employed by major brokerage firms who wrote reports distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

    d. Sonus regularly issued press releases which were carried by national newswires. Each of these releases was

publicly available and entered the public marketplace.

45. As a result, the market promptly digested current information with respect to Sonus from all publicly-available sources, reflecting such information in Sonus' stock price. Under these circumstances, all purchasers of Sonus common stock during the Class Period suffered similar injury through their purchase of stock at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

46. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this complaint. The specific statements pleaded herein were not identified as "forward-looking statements" when made. Nor was it stated with respect to any of the statements forming the basis of this complaint that actual results "could differ materially from those projected." To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent the statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements were

made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of Sonus who knew that those statements were false when made.

**COUNT I**

**For Violation of §10(b) of the Exchange Act
and Rule 10b-5 Against All Defendants**

47. Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

48. During the Class Period, defendants disseminated or approved the false statements specified above, which they knew or recklessly disregarded were materially false and misleading in that they contained material misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

49. Defendants violated § 10(b) of the Exchange Act and Rule 10b-5 in that they:

(a) Employed devices, schemes, and artifices to defraud; made untrue statements of material facts or omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made not misleading; or

(b) Engaged in acts, practices, and a course of business that operated as a fraud or deceit upon plaintiff and

21

others similarly situated in connection with their purchases of Sonus publicly traded securities during the Class Period.

50. Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for Sonus publicly traded securities. Plaintiff and the Class would not have purchased Sonus publicly traded securities at the prices they paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by defendants' misleading statements.

51. As a direct and proximate result of these defendants' wrongful conduct, plaintiff and the other members of the Class suffered damages in connection with their purchases of Sonus publicly traded securities during the Class Period.

### COUNT II

### Violation Of Section 20(a) Of The Exchange Act Against Individual Defendants

52. Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

53. The Individual Defendants acted as controlling persons of Sonus within the meaning of Section 20(a) of the Exchange Act. By reason of their senior executive and/or Board positions they had the power and authority to cause Sonus to engage in the wrongful conduct complained of herein.

54. By reason of such wrongful conduct, Sonus and the Individual Defendants are liable pursuant to §20(a) of the Exchange

Act. As a direct and proximate result of the Individual Defendants' wrongful conduct, plaintiff and the other members of the Class suffered damages in connection with their purchases of Sonus stock during the Class Period.

WHEREFORE, plaintiff prays for relief and judgment as follows:

A. declaring this action to be a proper class action; and

B. awarding damages, including interest; and such other relief as the Court may deem proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED: February 20, 2004.

Respectfully submitted,

BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO

By: _____
Norman Berman, BBO # 040460
One Liberty Square, 8th Floor
Boston, MA 02109
(617) 542-8300

**WECHSLER HARWOOD LLP**
Robert I. Harwood (RH-3286)
Samuel K. Rosen (SR-3287)
488 Madison Avenue
New York, New York 10022
(212) 935-7400

23

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven, Esq.
401 East Pratt Street
Suite 2525
Baltimore, MD 21202
(410) 332-0030

Attorneys for Plaintiff

24

## PLAINTIFF'S CERTIFICATION

__JEFFREY C. RODRIGUES__ ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff's transactions in Sonus Networks, Inc. securities during the Class Period are as follows:

(Complete only one trade per line; place any additional trades on the attached sheet)

| # of Shares Purchased | # of Shares Sold | Price Per Share | Date of Purchase/Sale |
|---|---|---|---|
| 10 APRIL $10 PUTS SOLD = 1000 SHARES PURCHASED | | $10 - $2.20 = $7.80 | 01/22/2004 |
| | | | |

5. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class under the federal securities laws.

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of __FEBRUARY__ 2004.

_____

## ATTACHMENT TO CERTIFICATION

Sonus Networks, Inc. Securities Litigation

Name: JEFFREY C. RODRIGUES

(please complete only one trade per line)

| # of Shares Purchased | # of Shares Sold | Price Per Share | Date of Purchase/Sale |
|---|---|---|---|
| SOLD 10 APR $10 PUTS = 1000 SHARES PURCHASED | | $7.80 ($10 - $2.20 RECD. FOR PUT SALE) | 01/22/04 |